IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMSHID F.U. ABDUHAKIMOV,       :
                                  :

     *Petitioner*,                 :   Case No. 1:26-cv-323
                                  :

v.                            :   Judge Jeffery P. Hopkins
                                  :

KEVIN RAYCRAFT, Director of     :
Enforcement and Removal Operations, :
Detroit Field Office, Immigration and  :
Customs Enforcement, *et al.*,       :

     *Respondents*.             :

---

**ORDER**

---

Petitioner Jamshid F.U. Abduhakimov, a citizen and native of Uzbekistan, is a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Butler County Jail in Butler County, Ohio. Petitioner has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. In his Petition, Petitioner requests immediate release from detention. Respondents filed a Return of Writ (Doc. 8), to which Petitioner filed a Reply (Doc. 10).  Also pending before the Court is a Motion to Dismiss (Doc. 4) filed by Respondent Sheriff Richard K. Jones. Petitioner did not file a response and the time for filing one has long since passed.

## I.    BACKGROUND

Petitioner Jamshid F.U. Abduhakimov ("Petitioner") is a citizen of Uzbekistan and arrived to the United States in December 2022. Pet., Doc. 1, ¶ 23; Doc. 8, PageID 35. Petitioner was arrested during a regular ICE check-in in Blue Ash, Ohio on January 6, 2025. Resp'ts. Ex. 1, Doc. 8-1, PageID 48. He worked as a truck driver prior to his arrest. Doc. 8,

PageID 35; Doc. 10, PageID 117. As set forth in his Petition and Reply, Petitioner seeks release from detention on the basis that he is not subject to mandatory detention under 8 U.S.C. § 1225(b) and that his detention violates his rights to due process under the Fifth Amendment and the Suspension Clause. Doc. 1, PageID 12–14; Doc. 10, PageID 121–24. Respondents assert that Petitioner is subject to mandatory detention under § 1225(b), and is therefore not entitled to a bond hearing, nor eligible to be released on bond. Doc. 8, PageID 36–45.

## II.    LAW AND ANALYSIS

It is well settled that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art I, § 9, cl. 2. The constitutional guarantee of the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2) (emphasis added). To preserve the right of the people to obtain relief under this Clause, Congress enacted 28 U.S.C. § 2241. Section 2241 confers on federal district courts the power to issue writs of habeas corpus to persons held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This authority also includes challenges made by noncitizens in immigration-related detention matters. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Because Petitioner challenges his detention, the Petition is properly before the Court for consideration.

### A.  Section 1226(a) governs Petitioner's detention.

Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b). Doc. 8, PageID 36–45. However, for the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL

2

1205571 (S.D. Ohio May 4, 2026), this Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens like Petitioner who have resided in the United States and were already within the United States when apprehended and arrested.

### B. Petitioner's detention violates due process.

Petitioner argues that his detention violates his substantive and procedural due process rights guaranteed by the Fifth Amendment. Pet., Doc. 1, PageID 12–14. For the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights.

### C. Respondent Jones is not a proper respondent in this matter.

Title 28 U.S.C. § 2243 requires the writ or order to show cause to be "directed to the person having custody of the person detained." In the context of a habeas corpus petition filed by a noncitizen detained in a local detention facility contracted by Immigration and Customs Enforcement ("ICE"), it is the Department of Homeland Security ("DHS") Field Director, and not the head of the contracted detention facility, that "has power over" the noncitizen petitioner within the meaning of 28 U.S.C. § 2243. *Roman v. Ashcroft, et al.*, 340 F.3d 314, 320 (6th Cir. 2003) (citing *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998)). Sheriff Richard K. Jones is therefore not a properly named Respondent in this action. Accordingly, the Court **GRANTS** Respondent Sheriff Richard K. Jones' Motion to Dismiss (Doc. 4).

### III. CONCLUSION

For these reasons, it is **ORDERED** that Petitioner's constitutional and statutory claims challenging the denial of bond be **GRANTED**. It is further it is **ORDERED** that

Respondents **RELEASE** Petitioner or **PROVIDE** Petitioner with an *individualized* bond hearing before an immigration judge within 7 calendar days of the date of this Order at which the government shall bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk; at which the IJ must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.

      **IT IS SO ORDERED.**

May 15, 2026

Jeffery P. Hopkins
United States District Judge

4